IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MANLIKA ZHONG, individually,

    Plaintiff,

v.

    CIVIL CASE NO.:

JAMBU ATCHISON, individually and in his
capacity as vice president of THAI BADASS
INC., PHATTARIYAWADEE WONGCHANOI,
individually and in her capacity as president of
THAI BADASS, INC., and THAI BADASS,
INC., a Florida profit corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MANLIKA ZHONG ("ZHONG" or "Plaintiff"), by and through the undersigned counsel, sues Defendants, JAMBU ATCHISON, individually and as vice president of THAI BADASS, INC. ("ATCHINSON"), PHATTARIYAWADEE WONGCHANOI, individually and as president of THAI BADASS, INC. ("WONGCHANOI"), and THAI BADASS INC., a Florida profit corporation ("THAI BADASS") (collectively, the "Defendants") and in furtherance thereof respectfully states as follows:

### JURISDICTIONAL FACTS AND IDENTIFICATION OF PARTIES

1.    This Complaint if filed pursuant to the Fair Labor Standard Act, 29 U.S.C. § 201 *et seq*. to recover unpaid minimum wages, unpaid overtime compensation, liquidated damages, attorney's fees and costs, and for unpaid wages and compensation under Florida law.

2.    Jurisdiction is proper in the United Stated District Court for the Southern District of Florida as the claims are brought pursuant to the Fair Labor Standards Act, as amended

1

("FLSA"). 29 U.S.C. § 201 *et seq.* Jurisdiction is founded upon § 216(b) of the FLSA and the Southern District of Florida has original jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1391. In Count III, Plaintiff seeks the Southern District of Florida to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for her unpaid wage claim under Florida law.

3. The causes of action herein arose in Broward County, Florida. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff ZHONG is an individual residing in Broward County, Florida and has been so at all times relevant to the causes of action herein, that is, between May 1, 2018 and July 26, 2018.

5. ZHONG was an hourly-wage, non-exempt employee of the Defendants during the relevant time period.

6. ATCHISON is an individual residing in Broward County, Florida and has been so at all times relevant to the cause of action.

7. WONGCHANOI is an individual residing in Broward County, Florida and has been so at all times relevant to the cause of action.

8. THAI BADASS is Florida profit company with its principal place of business located at 2119 Hollywood Blvd, Suite C, Hollywood, FL 33021[1]. THAI BADASS was engaged in running a Thai restaurant of which Plaintiff was an employee for a period of time.

9. THAI BADASS employed Plaintiff and it directly controlled and supervised employees, determined pay rates, hired, fired, and modified schedules. Business and personnel

---

[1] 2119 Hollywood Blvd, Suite C, Hollywood, FL 33020 is the place of business for a Thai restaurant also previously and currently owned by Thai Deli, LLC.

policies, payroll, procedures and decisions regarding employees for the business were promulgated by THAI BADASS.  As such, THAI BADASS is subject to the requirements of the FLSA.

10. ATCHISON and WONGCHANOI are individuals who are subject to the requirements of the FLSA as they dictated the terms and conditions of Plaintiff's employment.  At all times relevant hereto, WONCHANOI owned and operated THAI BADASS and ATCHISON and WONGCHANOI regularly exercised their authority as vice president and president to hire and fire employees, determine work schedules for employees, direct and control employees and control the finances and operations of the business.  By virtue of having regularly exercised that authority on behalf of THAI BADASS, ATCHISON and WONGCHANOI are employers as that term is defined by 29 U.S.C. § 201, *et. seq.*

11. Plaintiff was an employee as that term is defined by 29 U.S.C. § 203(e)(1), performing the duties of "Cook", "Chef", and "Manager".  Defendants were Plaintiff's employer as that term is defined by 29 U.S.C. § 203(d) and Defendants employed Counter-Defendant within the meaning of 29 U.S.C. § 203(g).

12. All conditions precedent to this cause of action have been fully performed or otherwise waived.

## FACTS GIVING RISE TO THE CAUSE OF ACTION

14. In April and May 2018, Plaintiff and Defendants discussed the potential sale of the business operating as Thai Thai Deli and owned by Plaintiff through her business, Thai Deli, LLC (the "Restaurant").

15. On May 16, 2018, THAI BADASS was incorporated with the State of Florida.

16. On May 17, 2018, ATCHISON, WONGCHANOI, and ZHONG executed a Purchase and Sale Agreement whereby ATCHISON and WONGCHANOI purchased the

"business assets, including all equipment, fixtures, goodwill, inventory, trademarks, trade names and leasehold rights, known as Thai Thai Deli and located at: 2199 Hollywood Blvd Ste C, Hollywood, FL 33020 ("Purchase Agreement").  A true and correct copy of the Purchase Agreement dated May 17, 2018 is attached hereto and incorporated herein as Exhibit "A".

17. Starting on May 1, 2018, ZHONG began working for the Defendants at the Restaurant and continued to be employed by Defendants until July 26, 2018.  ZHONG bought food and supplies for the Restaurant, was the primary cook/chef, and managed the operations of the Restaurant.

18. ZHONG was a non-exempt hourly employee of Defendants and worked six days each week from 9 a.m. until 9 p.m. (the Restaurant was closed on Sundays).  As such, during the relevant period of employment, from May 1, 2018 until July 26, 2018, ZHONG worked twenty-seven (27) days in May 2018, twenty-six (26) days in June 2018, and twenty-two (22) days in July 2018 for a total amount of days worked of seventy-five (75) at twelve (12) hours each day.  As such, Plaintiff worked for Defendants for a total amount of hours of nine-hundred (900), five-hundred and twenty (520) as regular hours and three-hundred and eighty (380) as over-time hours (hours worked over and above forty (40) hours per week).  The full breakdown of the hours works is as follows:

    5/1/18 – 5/6/18 = 60 total; 40 regular, 20 overtime

    5/7/18 – 5/12/18 = 72 total; 40 regular, 32 overtime

    5/14/18 – 5/19/18 = 72 total; 40 regular, 32 overtime

    5/21/18 – 5/26/18 = 72 total; 40 regular, 32 overtime

    5/28/18 – 6/2/18 = 72 total; 40 regular, 32 overtime

    6/4/18 – 6/9/18 = 72 total; 40 regular, 32 overtime

6/11/18 – 6/16/18 = 72 total; 40 regular, 32 overtime

6/18/18 – 6/23/18 = 72 total; 40 regular, 32 overtime

6/25/18 – 6/30/18 = 72 total; 40 regular, 32 overtime

7/2/18 – 7/7/18 = 72 total; 40 regular, 32 overtime

7/9/18 – 7/14/18 = 72 total; 40 regular, 32 overtime

7/16/18 – 7/21/18 = 72 total; 40 regular, 32 overtime

7/23/18 – 7/26/18 = 72 total; 40 regular, 32 overtime

19. To date, Plaintiff has not been paid for *any* of the hours she worked for Defendants.

20. Defendants failed to comply with 29 U.S.C. §§ 201-209, *et. seq.,* because Plaintiff performed services for Defendants for which no provisions were made by Defendants to pay Plaintiff the appropriate minimum wages or for those hours worked in excess of forty (40) hours within a work week.

21. Upon information and belief, to the extent any exist, any record reflecting the number of hours worked and amounts paid to Plaintiff during the relevant employment period is in the possession and custody of Defendants.

22. Plaintiff has retained the services of the undersigned counsel who are entitled to payment of their legal fees and costs incurred as the attorney for the prevailing party in this action.

## COUNT I – FLSA Minimum Wage Claim

ZHONG re-alleges and reaffirms paragraphs 1-22 as set forth above as though set forth herein.

23. This is a cause of action by Plaintiff against all Defendants for unpaid minimum wages under the FLSA.

24. Plaintiff is entitled to a minimum wage for all hours worked pursuant to the FLSA.

25. During her employment with Defendants, Plaintiff worked for Defendants and was not paid a minimum wage for numerous hours during one or more work weeks.

26. By reasons of the intentional, willful and unlawful acts of Defendants in violation of the FLSA, Plaintiff has suffered damages.

27. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully requests this Court award damages to her in the amount of unpaid minimum wages owed to her, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

### COUNT II – FLSA Unpaid Overtime

ZHONG re-alleges and reaffirms paragraphs 1-22 as set forth above as though set forth herein.

28. This is a cause of action by Plaintiff against all Defendants for unpaid overtime compensation under the FLSA.

29. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per week.

30. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Defendants' failure to pay Plaintiff overtime compensation for the hours she worked over forty (40) in one or more work weeks constitutes a violation of the FLSA.

32. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully requests this Court award damages to her in the amount of unpaid overtime compensation owed to her, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

### COUNT III – Unpaid Wages pursuant to Florida Law

ZHONG re-alleges and reaffirms paragraphs 1-22 as set forth above as though set forth herein.

33. This is a cause of action by Plaintiff against all Defendants for unpaid wages. The Plaintiff seeks supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) once the action is removed to the Southern District of Florida.

34. Plaintiff is entitled to be paid in full for the entire time she was employed by Defendants. As such, Plaintiff has suffered a loss of wages for the hours she worked without pay.

35. Plaintiff has retained the undersigned attorneys and are entitled to payment of their legal fees and costs incurred as the attorney for the prevailing party in this action.

36. Plaintiff is entitled to reasonable attorneys' fees pursuant to Florida Statute §448.08.

WHEREFORE, Plaintiff demands judgment against Defendants for unpaid wages due to her, interest thereon, attorneys' fees and costs, and all such other relief as the Court deems just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable to a jury in this action.

Dated: December 4, 2018

        Respectfully submitted,

        By: /s/ Karen E. Berger
        KAREN E. BERGER
        FBN:  72991
        **INTERNATIONAL LAW PARTNERS LLP**
        *Attorney for Plaintiff*
        2122 Hollywood Blvd.
        Hollywood, FL  33020
        Phone:  954-374-7722
        Fax:  954-212-0170
        Email: kberger@ilp.law